Nov. Term,
1861.

BUTLER and Others *v.* THE STATE.

BUTLER
v.
THE STATE.

Information against three persons, described as the "*Trustees of the Wabash and Erie Canal,*" for a nuisance, in failing to keep a bridge in such repair as to be safe for public travel.

*Held,* that the information against the "trustees" was bad, for not showing that the road named, or the bridge, crossed the canal; the averment in the information that it was their duty to keep it in repair being a mere conclusion of law.

*Held,* also, that the information against the defendants, as private individuals, was bad, for not showing by what right they became possessed of the bridge, and how it became their duty to keep it in repair.

*Thursday,*
*December* 12.

APPEAL from the *Daviess* Common Pleas.

WORDEN, J.—Information against the appellants for a nuisance. Motion to quash overruled. Trial, conviction, and judgment.

The information charges that "at the county of *Daviess,* &c., on *May* 1, 1860, *Charles Butler, Thomas Dowling* and *Richard Raleigh,* trustees of the *Wabash and Erie Canal,* did then and there have and possess a certain common bridge, known as the *Maysville* bridge, situate and being in said county and State, on and across the public highway leading from the town of *Washington* to *Maysville,* in said county, used by and for the citizens of said county and State, traveling said road on foot, and with their horses, coaches, carts and other carriages, to go, return, pass, repass, ride and labor at their free will and pleasure; and that said bridge, on *May* 1, 1860, and continuously thereafter up to the time of filing this information, in said county, was, and yet is, very ruinous, broken, dangerous, and in great decay, for want of upholding, maintaining, amending and repairing the same, so that the citizens aforesaid, upon and over the said bridge, with their horses, coaches, carts and other carriages, could not, during the time aforesaid, nor yet can, go, return, pass, repass, ride and labor, as they heretofore were accustomed to do, and still of right ought to do, without great danger of their lives and the loss of their goods, to the great damage and common nuisance of all the citizens in the vicinity, upon and over the said bridge going, returning,

passing, repassing, riding and laboring, to the annoyance and common nuisance of the citizens of said State, and against the peace and dignity of the State of *Indiana;* that the said bridge is not within any city or town corporation, and is not under the control and supervision of any road supervisor, and that the said *Butler, Dowling* and *Raleigh,* trustees of the *Wabash and Erie Canal,* ought to make and repair, rebuild and amend the said bridge, when, and so often as, it should or shall be necessary, according to the form of the statute in such case made and provided."

The trustees of the *Wabash and Erie Canal* are required to "erect, construct, and keep in good repair, suitable bridges over all State and county roads crossing, or that may hereafter cross, said *Wabash and Erie Canal."* Acts 1847, § 30, p. 33.

Whether a failure to discharge this duty subjects them to a criminal prosecution, and if so, whether it should be as for a nuisance, are questions which we need not decide. The information is totally defective, viewing the prosecution as one for failing to discharge a duty as trustees, because it does not allege, that the bridge, or the road named, crossed the *Wabash and Erie Canal.* There is, therefore, nothing in the information showing that it was the duty of the trustees to keep the bridge in repair. It is averred, to be sure, that such was their duty, but this is a mere conclusion of law, without any statement of facts from which such conclusion can be drawn.

But it is claimed by the State, that the prosecution should be regarded as against the defendants as private individuals; that the words "trustees," &c., may be regarded as merely descriptive of the persons. This view, however, will not render the information good. The defendants are not charged with erecting, or continuing and maintaining any nuisance. It is charged, to be sure, that they possessed a bridge across a highway, which was out of repair. The gist of the offense is the neglect to keep the bridge in repair. How, or by what right, the defendants became possessed of the bridge does not appear, neither do any facts appear making it the

duty of the defendants, as private individuals, to keep it in repair.

The motion to quash should have prevailed.

*Per Curiam.* — The judgment is reversed. Cause remanded, &c.

*John P. Usher*, for the appellants.

*James G. Jones*, Attorney General, for the State.